IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NASREEN BEGUM,<br><br>     *Plaintiff,*<br>v.<br><br><br>FAIR COLLECTIONS & OUTSOURCING, INC.,<br>     *Defendant.* | Civil Action No. 1:24-cv-893-PTG-WEF |

## FINAL APPROVAL ORDER

This matter, having come before the Court on Plaintiff's Motion for Final Approval of Class Settlement; the Court having considered all papers filed and arguments made with respect to the settlement, and having personally certified, by Order entered April 18, 2025, a "Settlement Class," and the Court, being fully advised finds that:

1. Certification for settlement purposes of the Settlement Class, as defined by the Settlement Agreement proposed by the parties in this case (ECF No. 74-1), is appropriate pursuant to Federal Rule of Civil Procedure 23(a) and 23(b). Defined terms used in this Order are those defined in the Settlement Agreement.

2. Notice to the Settlement Class required by Federal Rule of Civil Procedure 23 has been provided in accordance with the Court's Preliminary Approval Order. This Notice has been given in an adequate and sufficient manner; constitutes appropriate notice under the circumstances; and satisfies Rule 23 and due process.

3. Defendant Fair Collections & Outsourcing, Inc., has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying

materials and finds that Defendant's notification complies fully with the applicable requirements of CAFA.

4.  The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties and is supported by the parties.

5.  The settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate to the members of the Settlement Class considering the complexity, expense, and duration of litigation and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal. The Settlement Agreement shall therefore be deemed incorporated herein and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof.

6.  The relief provided under the settlement constitutes fair value given in exchange for release of claims.

7.  The parties and each Settlement Class Member have submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

This action is a class action against Defendant Fair Collections & Outsourcing, Inc., on behalf of a class of consumers that has been defined as follows:

> **Settlement Class**: All individuals who signed or cosigned rental leases associated with 1,344 FCOI accounts where the underlying lease was prepared using the National Apartment Association lease form, where the leased property was either located in the state of Virginia or managed by the same property management group as Plaintiff, which accounts were placed with FCOI in the year prior to May 28, 2024, and where the balance at placement exceeded the amount of two months' rent on the underlying lease.

8.  This action is hereby dismissed on the merits, with prejudice and without costs.

9. As agreed by the parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement.

10. Neither this Order nor the Agreement shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released Parties.

11. Defendant is hereby ORDERED to implement the Injunctive Relief in Section V of the Settlement Agreement and is hereby ENJOINED as follows: 1) Defendant shall request that all consumer reporting agencies remove all tradelines associated with any Class Member; 2) Defendant shall ceased collection and close the Class Member accounts; and 3) Defendant shall not collect any of the Class Member accounts in the future.

12. Upon consideration of Class Counsel's application for fees and costs and other expenses, the Court awards one hundred thousand dollars ($100,000) as reasonable attorneys' fees and reimbursement for reasonable out-of-pocket expenses.

13. Upon consideration of the application for a service award, the Class Representative, Nasreen Begum, is awarded the amount of five thousand dollars ($5,000.00), for the service performed for and on behalf of the Settlement Class.

14. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

**IT IS SO ORDERED**, this 15th day of August, 2025.

WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE